PER CURIAM.
Henry J. LaFavors (Defendant) appeals from an order summarily denying his rule 3.850 motion for post-conviction relief. We affirm without discussion the summary denial as to grounds five, six, and seven, all of which asserted trial court error, but we reverse and remand as to the first four grounds.
Defendant’s first four grounds were claims of ineffective assistance of an attorney who initially represented him in connection with three lower tribunal cases, all of which stemmed from the same traffic stop. Defendant alleged, and attached substantiating documents indicating, that this attorney entered into an agreement with the prosecuting attorney that the hearing on Defendant’s motion to suppress, held within the context of a different case,[1] would pertain to all three cases. Later, Defendant fired this attorney and proceeded in the instant case pro se.
The trial court’s summary denial was based on the state’s response, which argued that the allegations of ineffective assistance of trial counsel must be denied because the record reflected that Defendant represented himself at the time of the motion to suppress and at his trial. It attached two exhibits, one from a hearing on a motion to suppress in the instant case, which indicated Defendant was present pro se (with the attorney)[2], and one from the trial, which indicated Defendant *857 was present without counsel. No transcripts were attached.
In his motion for rehearing, Defendant explained that he actually was represented by counsel at the portion of the hearing in the instant case to which his motion applied. Moreover, he was fully represented by counsel at the hearing on the motion to suppress which took place in the context of L.T. case no. 02-16594, but which applied to the instant case. He also attached an excerpt from the transcript of the motion to suppress in the instant cáse in which the prosecuting attorney advised the trial court of his agreement with Defendant’s attorney that the motion would run with all three cases, and another excerpt in which the trial court precluded Defendant from asking questions of a state witness during the hearing, explaining that this hearing pertained to his co-defendant’s motion with respect to the stop; Defendant, however, had to live with the court’s ruling on the motion with respect to all three cases, as he had had an opportunity to cross-examine the witness in the course of the prior hearing.
The portions of the record which the trial court attached did not refute Defendant’s claim to have been actually represented by counsel with respect to the acts or omissions in connection with which he alleged that counsel was ineffective. Accordingly, the summary denial is reversed for further proceedings with respect to the first four grounds of the motion.

Affirmed in Part; Reversed in Part and Remanded.

GUNTHER, TAYLOR and HAZOURI, JJ., concur.

. L.T. case no. 02-16594, which went to trial prior to the instant case.

. Defendant's transcript excerpts showed that the attorney was functioning as standby counsel at this hearing.